**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| YVETTE B. BEAULIEU,<br><br>*Plaintiff*,<br><br>v.<br><br>MERRICK B. GARLAND,<br><br>*Defendant*. | Civil Action No. 15-896 (TJK) |

**MEMORANDUM OPINION**

Plaintiff Yvette B. Beaulieu is a former Federal Bureau of Investigation ("FBI")
employee who sued over 60 government officials for various forms of employment
discrimination. The Court dismissed all but one claim against the sole remaining defendant—the
Attorney General, as head of the Department of Justice—for retaliation under Title VII.
Beaulieu's theory is that the FBI fired her in November 2010 because she had filed an
administrative complaint alleging discrimination in March of that year. The parties have cross-
moved for summary judgment on this remaining count. ECF Nos. 51, 53. For the reasons
explained below, the Court will grant Defendant's motion and deny Beaulieu's.

**I.      Legal Standard**

Under Federal Rule of Civil Procedure 56, a court must grant summary judgment "if the
movant shows that there is no genuine dispute as to any material fact and the movant is entitled
to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Summary judgment is appropriately
granted when, viewing the evidence in the light most favorable to the non-movants and drawing
all reasonable inferences accordingly, no reasonable jury could reach a verdict in their favor."
*Lopez v. Council on Am.-Islamic Relations Action Network, Inc.*, 826 F.3d 492, 496 (D.C. Cir.

2016).  To survive summary judgment, a plaintiff must "go beyond the pleadings and by her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) (internal quotation omitted).  Courts "are not to make credibility determinations or weigh the evidence." *Lopez*, 826 F.3d at 496 (quoting *Holcomb v. Powell*, 433 F.3d 889, 895 (D.C. Cir. 2006)).  But the "mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Id.* (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986)).  If the evidence "is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249–50 (citations omitted).

"The movant bears the initial burden of demonstrating that there is no genuine issue of material fact." *Montgomery v. Risen*, 875 F.3d 709, 713 (D.C. Cir. 2017).  "In response, the nonmovant must identify specific facts in the record to demonstrate the existence of a genuine issue." *Id.*  And for claims where the non-movant bears the burden of proof at trial, as here, she must make an evidentiary showing "sufficient to establish the existence of [each] essential element to [her] case." *Celotex*, 477 U.S. at 322.  "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial" and therefore entitles the moving party to "judgment as a matter of law." *Id.* at 323. "Importantly, while summary judgment must be approached with specific caution in discrimination cases, a plaintiff is not relieved of his obligation to support his allegations by affidavits or other competent evidence showing that there is a genuine issue for trial." *Pollard v. Quest Diagnostics*, 610 F. Supp. 2d 1, 17 (D.D.C. 2009) (cleaned up).

## II.     Analysis

Title VII bans retaliation against an employee because that employee "'opposed any practice' made unlawful by Title VII or 'made a charge, testified, assisted, or participated in' a Title VII proceeding or investigation." *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 56 (2006) (quoting § 2000e–3(a)). To establish a prima facie case of retaliation under Title VII, the plaintiff must show that "[he] engaged in a statutorily protected activity, the employer treated the plaintiff adversely, and a causal connection existed between the two." *Winston v. Clough*, 712 F. Supp. 2d 1, 11 (D.D.C. 2010) (citing *Wiley v. Glassman*, 511 F.3d 151, 155 (D.C. Cir. 2007)). If a prima facie case is established, the burden shifts to the employer to provide a legitimate, nonretaliatory reason for its action. *Holcomb*, 433 F.3d at 901. If the employer provides a legitimate, nonretaliatory reason for its conduct, "the burden-shifting framework disappears" and the question becomes "whether a reasonable jury could infer . . . retaliation from all the evidence, which includes not only the prima facie case but also the evidence the plaintiff offers to attack the employer's proffered explanation for its action and other evidence of retaliation." *Jones v. Bernanke*, 557 F.3d 670, 677 (D.C. Cir. 2009) (cleaned up).

Defendant has proffered a legitimate, non-retaliatory reason for firing Beaulieu: her extensive and well-documented history of poor job performance. Between 2006 and 2010, Beaulieu was referred to a counseling program and put on a 90-day performance improvement plan three times. ECF No. 51-1 (Def.'s SOF) ¶¶ 15, 17–18, 32. She failed all three, and in one instance was demoted. *Id.* ¶¶ 18–19, 36. After the third—during which she "failed to produce two acceptable work products and to complete a training assignment"—the FBI fired her for unacceptable performance in November 2010. *Id.* ¶¶ 38, 49. Over the years, the FBI documented significant problems with her performance, such as behavior that was "aggressive,

domineering, and dismissive of others," *id.* ¶ 15, difficulty communicating respectfully, *id.* ¶¶ 21–22, assignments that did not meet minimum standards, *id.* ¶¶ 33, 38, and a pattern of "poor writing skills, an inability to follow supervisory direction, and improper use of classification designations," *id.* ¶ 46.

On the record here, no reasonable jury could find that Beaulieu was the victim of retaliation. She has pointed to no evidence that Defendant's reason for firing her was pretextual, or that her termination was otherwise retaliatory. Beaulieu does not dispute that the FBI found her performance unacceptable in the ways that it documented over the years. Rather, she offers only her own opinion—with no citations to the record—that her work was in fact satisfactory. *See, e.g.*, ECF No. 53 at 14, 17–18, 20, 34. But "a plaintiff cannot avoid summary judgment by relying solely on her personal opinion that her job performance was adequate, particularly when the overwhelming evidence in the record indicates that the defendant honestly believed that it was not." *Robinson v. Red Coats, Inc.*, 31 F. Supp. 3d 201, 214 (D.D.C. 2014) (citing *Vatel v. Alliance of Auto. Mfrs.*, 627 F.3d 1245, 1247–48 (D.C. Cir. 2011)). That is precisely the case here. Moreover, the FBI documented Beaulieu's poor performance (and put her on performance improvement plans) well before she filed her administrative complaint, Def.'s SOF ¶ 10, and the person who ultimately approved her termination did not know about her complaint when he did so, Def.'s SOF ¶ 48.

### III.     Conclusion

For all the above reasons, the Court will grant Defendant's motion for summary judgment, and deny Beaulieu's.  A separate order will issue.

/s/ Timothy J. Kelly
TIMOTHY J. KELLY
United States District Judge

Date: August 16, 2021